IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-65-BO

| | | |
|---|---|---|
| ASHLEY N. WILLIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 23, 25]. A hearing was held on these matters before the undersigned on August 30, 2019, at Edenton, North Carolina. For the reasons discussed below, the plaintiff's motion for judgment on the pleadings [DE 23] is DENIED and defendant's motion [DE 25] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 1383(c)(3) for review of the final decision of the Commissioner denying her claim for supplemental security income (SSI). Plaintiff received SSI benefits during her childhood. When she reached the age of 18 in June 2014, as required by law, plaintiff's eligibility for benefits was redetermined under the eligibility rules for adults. This resulted in a determination that plaintiff was no longer disabled and she would therefore lose her benefits. Plaintiff requested and was given a hearing before an Administrative Law Judge (ALJ) on October 13, 2016 who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, plaintiff contends that the ALJ failed to properly account for her non-exertional limitations in his RFC assessment. Plaintiff further contends that the ALJ failed to evaluate her claim for Child Disability Benefits ("CDB"). On both issues, the Court finds that the ALJ committed no reversible error.

In regard to plaintiff's non-exertional limitations, the ALJ found that plaintiff had moderate limitations in understanding, remembering, or applying information, but retained the ability to perform simple, repetitive, routine tasks. Tr. 20. The ALJ also found that plaintiff had mild limitations when interacting with others, mild limitations managing/adapting herself, and moderate limitations concentrating persisting, or maintaining pace. Tr. 20–21. In determining plaintiff's RFC, the ALJ found that plaintiff was limited to understanding, remembering, and carrying out simple instructions. Tr. 21.

Plaintiff relies on *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), where the Fourth Circuit held that a restriction to simple, routine tasks or unskilled work does not account for a

3

plaintiff's limitations in concentration, persistence, and pace ("CPP") without some additional explanation. But here, the ALJ did provide analysis accounting for plaintiff's limitations in concentration, persistence, and pace, and his finding is supported by the record. The ALJ explained that while plaintiff's medically determinable impairments could cause some of her alleged symptoms, plaintiff's testimony regarding the intensity, persistence, and limiting effects of the symptoms was afforded little weight because it was contradicted by clinical findings and other evidence in the record. This evidence included, among other things, Dr. Julia Brannon's evaluation, which indicated plaintiff had the capacity for persistence and had adequate self-care skills, and Erich Smith's evaluation finding that plaintiff was oriented in all spheres, had intact judgment, insight, recent and remote memory, fund of knowledge and language. This evidence was afforded great weight. In short, the ALJ explained his RFC determination in a way that accounted for plaintiff's CPP limitations and therefore did not run afoul of *Mascio*. On this issue, the Court finds that the ALJ committed no reversible error.

Plaintiff's second argument is that the ALJ failed to evaluate her claim for Title II CDB. This argument also fails. The ALJ assessed whether plaintiff is disabled under the standard used for determining initial eligibility for individuals who are age 18 or older pursuant to section 1614(a)(3)(A) of the Social Security Act and determined that she was not disabled. This is the correct disability standard for all of plaintiff's disability claims, and so the ALJ decision covers the CDB claim. On this issue, the Court finds that the ALJ committed no reversible error.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard

was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 23] is DENIED and defendant's motion for judgment on the pleadings [DE 25] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __11__ day of September, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE